# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2011

No. 10-40604
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EDUARDO AGUILERA-SUAREZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-40-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eduardo Aguilera-Suarez (Aguilera) was convicted of possession with intent to distribute 881.98 kilograms of marijuana and was sentenced to 70 months of imprisonment and four years of supervised release.

Aguilera argues on appeal that the district court committed clear error in not reducing his offense level by two levels pursuant to U.S.S.G. § 3B1.2 due to his minor role in the offense. He contends that he was a mere courier, that his transportation of a large amount of marijuana did not preclude a minor role

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment, and that the district court should not have relied on his unrelated criminal history in denying the requested adjustment.  However, Aguilera's courier status alone did not entitle him to a role adjustment.  *See United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).  Furthermore, Aguilera admitted in the presentence report, which the district court adopted, and at rearraignment that he knew that he was transporting marijuana and that he was going to be paid $1,500 for doing so.  Accordingly, Aguilera did not prove by a preponderance of the evidence that his role in the offense was peripheral, and thus the district court did not commit clear error in refusing to award Aguilera a minor role adjustment.  *See United States v. Villanueva*, 408 F.3d 193, 203-04 & n.9 (5th Cir. 2005); *Brown*, 54 F.3d at 241.

AFFIRMED.